ROCKINGHAM BUILDING CO. *v.* BURLINGAME.

SAME *v.* ANDREW J. BROWN.

When a subscriber to stock in a corporation makes an express promise to pay the assessments, it is a personal undertaking beyond the terms of the charter, and he is answerable to the corporation upon such promise for all legal assessments, and may be compelled to its performance by action at law before resorting to a sale of his shares ;—on the other hand, when he only agrees to take a specified number of shares without promising expressly to pay assessments, then resort must first be had to a sale of the shares to pay the assessments before an action at law can be maintained.

ACTION, by the plaintiffs, a voluntary corporation, to recover damages from the defendants for refusing to accept certain shares of stock, and to pay the par value of said shares. The agreement signed is stated in the case.

*Henry A. Shute*, for the plaintiffs.

*Thomas Leavitt* and *Charles H. Knight*, for the defendants.

CLARK, J. The plaintiffs, a voluntary corporation, seek to recover damages from the defendants for refusing to take and pay for shares of stock subscribed for by them under the following agreement: "We, the undersigned, hereby agree to take the number of shares in the capital stock of the Rockingham Building Company set opposite our respective names, the par value of said shares being one hundred dollars each." A subscription for shares in a corporation is an agreement to take them upon the

conditions of the charter, and subjects the subscriber to those liabilities only which are imposed by the charter, or by the statute under which the corporation is organized. *N. H. Central Railroad* v. *Johnson*, 30 N. H. 390, 403; *White Mts. Railroad* v. *Eastman*, 34 N. H. 124. Section 16 of *c.* 148, Gen. Laws, relating to dividend-paying corporations, prescribes and defines the mode of enforcing payment of assessments upon stock in such corporations, and is as follows: "If the owner of any share or shares, being present either in person or by proxy at the meeting when any assessment is voted, or being notified thereof by the treasurer or cashier by letter, shall neglect to pay the sum so assessed on his share or shares for thirty days after the time appointed for the payment thereof, the treasurer or cashier may sell at auction a sufficient number of his shares to pay all assessments due from him with necessary charges." This provision of the statute applies to all dividend-paying corporations, and prescribes the mode of enforcing the defendants' contract, there being no express promise to pay assessments in the articles of agreement. In *N. H. Central Railroad* v. *Johnson*, 30 N. H. 390, 403, it is said,— "Upon an examination of the authorities and upon principle, we think the true rule to be this: that where a party makes an express promise to pay the assessments, he is answerable to the corporation upon such promise for all legal assessments, and its performance may be compelled by action at law before resorting to a sale of the shares. It is a personal undertaking beyond the terms of the charter. Where, on the other hand, he only agrees to take a specified number of shares, without promising expressly to pay assessments, then resort must first be had to a sale of the shares to pay the assessments, before an action at law can be maintained. His agreement simply to take the shares is an agreement upon the faith of the charter, and by it alone is he to be governed, so far as his shares are to be affected. He takes them upon the conditions of the law of the charter. They exist only by virtue of the charter, and are to be governed by the provisions therein contained."

The contract of the defendants was to take a certain number of shares in the Rockingham Building Company, the par value of said shares being one hundred dollars each. There was no promise to pay the assessments, and the remedy of the corporation on refusal to pay, in the first instance, is by a sale of the shares.

*Nonsuit.*

CARPENTER, J., did not sit: the others concurred.